**Luciano Enrique JORGE, Petitioner,**

v.

**Eric H. HOLDER, Jr.,*** Respondent.

No. 08–2968–ag.

United States Court of Appeals, Second Circuit.

April 24, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as the respondent in this case.

---

Luciano Enrique Jorge, Bronx, N.Y., pro se.

Jeffrey R. Leist, Office of Immigration Litigation (Ernesto H. Molina Jr., Assistant Director Office of Immigration Litigation, Gregory G. Katsas, Assistant Attorney General, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK Circuit Judges.

### SUMMARY ORDER

Petitioner Luciano Enrique Jorge, a native and citizen of the Dominican Republic, seeks review of a June 5, 2008 order of the BIA denying his motion to reopen. *In re Luciano Enrique Jorge*, No. A 43 326 222 (B.I.A. June 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Shou Yung Guo v. Gonzales*, 463 F.3d 109, 113 (2d Cir.2006).

Jorge was ordered removed as an alien convicted of an aggravated felony, under 8 U.S.C. § 1227(a)(2)(A)(iii). Jorge's petition argues principally that in its April 1, 2005 decision, the Immigration Judge ("IJ") failed to adequately examine the equities and hardship to his family in denying his applications for a waiver of inadmissability and adjustment of status.

The BIA did not abuse its discretion in denying Jorge's motion to reopen as untimely. The BIA's original decision dismissing his appeal was issued in October 2006, and a motion to reconsider that dismissal was denied in February 2007. As the BIA concluded, Jorge's April 2008 motion to reopen was filed well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). Although there is no time limit for a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," 8 C.F.R. § 1003.2(c)(3)(ii), Jorge did not assert before the BIA that conditions had changed in the Dominican Republic or submit any such evidence in support of his motion. Thus, the BIA did not abuse its discretion in denying his motion to reopen as untimely.

The IJ and the BIA extensively examined the equities of Jorge's case before determining that he was not entitled to adjustment of status or waiver of inadmissibility because of his four criminal convictions. His most recent conviction, for auto stripping and unauthorized use of a vehicle, occurred during the pendency of removal proceedings.

Finally, we lack jurisdiction to review the BIA's decision insofar as it declined to exercise its *sua sponte* authority to reopen Jorge's proceedings. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is **DENIED.** As we have com-

pleted our review, any pending motion for a stay of removal in this petition is **DISMISSED** as moot.